# Exhibit A

## GUARANTY

GUARANTY (this "**Guaranty**") dated as of May 25, 2021, by SULAKHAN JOHAL, a natural person and resident of the Providence of Ontario, Canada ("**Guarantor**") for the benefit of HITACHI CAPITAL AMERICA CORP., a Delaware limited liability company ("**Beneficiary**").

### WITNESSETH:

WHEREAS, BENEFICIARY is willing to provide financial accommodations by way of lease or loan to TPine Leasing Capital, L.P. ("**Customer**") pursuant to lease or loan agreements (the "**Financing Documents**"), including, but not limited to: (i) that certain Master Lease Receivables Sale and Assignment Agreement, and (ii) that certain Master Servicing and Remarketing Agreement, dated as of May 25, 2021; and

WHEREAS, in order to induce BENEFICIARY to provide the financial accommodations to Customer, Guarantor committed to execute and deliver this Guaranty, whereby Guarantor shall guarantee the payment when due of all indebtedness of Customer to BENEFICIARY under the Financing Documents and the performance of all of the obligations of Customer under the Financing Documents.

NOW, THEREFORE, in order to induce BENEFICIARY to provide the financial accommodations under the Financing Documents and for good and other valuable consideration, receipt of which is acknowledged, Guarantor agrees as follows:

## ARTICLE I.
## DEFINED TERMS

SECTION 1.01    Definitions.

Capitalized terms used herein without definition and which are defined in the Financing Documents are used herein with the respective meanings given such terms in the Financing Documents.

## ARTICLE II.
## REPRESENTATIONS WARRANTIES AND COVENANTS OF GUARANTOR

SECTION 2.01    Representations and Warranties.

Guarantor is a natural person residing in the Providence of Ontario, Canada. The execution and performance of this Guaranty are within Guarantor's powers and this Guaranty constitutes a legal, valid and binding obligation of Guarantor, enforceable against Guarantor in accordance with its terms except as such enforceability may be limited by insolvency, fraudulent conveyance, reorganization, receivership, liquidation or similar laws and equitable principles affecting the rights of creditors generally.  The execution, delivery and performance of this Guaranty do not and will not conflict with or result in any violation of any instrument, law, rule or regulation applicable to Guarantor, do not and will not result in violation of any judgment or order applicable to Guarantor or require the creation or imposition of any lien, encumbrance or security interest on any of the properties or income of Guarantor pursuant to any requirement of law or contractual obligation of Guarantor and do not and will not require any consent, approval or authorization of, or registration or filing with, any governmental authority.  As of the date hereof, there are no pending or, to the knowledge of Guarantor, threatened actions or proceedings before any court or administrative agency or arbiter that would adversely affect the ability of Guarantor to perform its obligations hereunder.  The financial accommodations provided to Customer are for the benefit of Guarantor.  The granting of this Guaranty will not result in Guarantor's liabilities (including the maximum amount of liabilities that may be reasonably expected to result from all contingent liabilities and giving effect to rights of contribution and subrogation) exceeding the fair market value of its assets.

**ARTICLE III.**
**GUARANTY**

SECTION 3.01     Guaranty of Customer's Obligations.

Guarantor hereby jointly and severally and unconditionally and irrevocably guarantees to BENEFICIARY, as primary obligor and not merely as surety, (A) the due and punctual performance of the obligations of Customer arising under or pursuant to the Financing Documents and (B) the due and punctual payment when due of any and all sums that are now or hereafter imposed on or payable by Customer pursuant to any provisions of the Financing Documents, including, without limitation, any amount for which Customer is or may at any time become liable by reason of any breach of or failure to perform or observe, or any other non-compliance with, any covenant, condition or agreement or other obligation to be performed by Customer under the Financing Documents or any falsity of any representation or warranty of Customer in the Financing Documents (the performance and payment obligations described in this sentence above being the "**Obligations**").  Without limiting the generality of the foregoing, Guarantor's liability shall extend to all obligations and payments that constitute part of the Obligations and would be owed by Customer under the Financing Documents, but for the fact that they are unenforceable or not allowable due to the existence of a bankruptcy, reorganization or similar proceeding involving Customer.

SECTION 3.02     Guaranty Absolute.

Guarantor guarantees that the Obligations will be performed and paid strictly in accordance with the terms of the Financing Documents, regardless of any law regulation or order now or hereafter in effect in any jurisdiction affecting any of such terms or the rights of BENEFICIARY, Guarantor or Customer with respect thereto.  The obligations of Guarantor under this Guaranty are independent of the Obligations, and a separate action or actions may be brought and prosecuted against Guarantor to enforce this Guaranty, irrespective of whether any action is brought against Customer or whether Customer is joined in any such action or actions.  The liability of Guarantor under this Guaranty shall be absolute and unconditional irrespective of:

(i)     any lack of validity or enforceability of the Financing Documents or any term thereof or any other agreement or instrument relating thereto;

(ii)    any change in the time, manner or place of performance or payment of, or in any other term of all or any of the Obligations, or any other amendment or waiver of or any consent to departure from the Financing Documents;

(iii)   any taking, exchange, release or non-perfection of any collateral, or any taking, release or amendment or waiver of or consent to departure from any other guaranty, for all or any of the Obligations;

(iv)    any manner of application of collateral, or proceeds thereof, to all or any of the Obligations, or any manner of sale or other disposition of any collateral for all or any of the Obligations or any other assets of Customer or Guarantor;

(v)     any change, restructuring or termination of the structure or existence of Customer or Guarantor or any insolvency, bankruptcy, reorganization or other similar proceedings affecting Customer or its assets or any resulting release or discharge of any of the Obligations;

(vi)    any other circumstance that might otherwise constitute a defense available to or a discharge of Customer or a guarantor thereof;

(vii)   any extension, indulgence or renewal with respect to the Obligations or any other obligation of Customer under the Financing Documents;

(viii)  any modification of, or amendment or supplement to, any such agreement;

(ix)    any furnishing or acceptance of additional security or any release of any security; or

2

    (x)    any waiver, compromise, consent or other action or inaction, or any exercise or non-exercise of any right, remedy or power with respect to Customer.

This Guaranty shall continue to be effective or be reinstated, as the case may be, if at any time any payment of any of the Obligations is rescinded or must otherwise be returned by BENEFICIARY for any reason, including upon the insolvency, bankruptcy or reorganization of Customer, all as though such payment had not been made at such time.

    SECTION 3.03    <u>Waiver by Guarantor</u>.

Guarantor hereby waives promptness, diligence, notice of acceptance and any other notice with respect to any of the Obligations and this Guaranty and any requirement that BENEFICIARY protect, secure, perfect or insure any security interest or lien or any property subject thereto or exhaust any right or take any action against Customer or any other person or entity or any collateral. This is a guaranty of payment and performance, not collection. The obligations of Guarantor hereunder are absolute, present and continuing obligations that are not conditional upon the institution of suit against or the exercise of any remedies against Customer, or any attempt to foreclose or realize upon any security for obligations of Customer or the taking of any other action with respect to Customer.

    SECTION 3.04    <u>No Waiver; Remedies</u>.

No failure on the part of BENEFICIARY to exercise, and no delay in exercising, any right hereunder shall operate as a waiver thereof; nor shall any single or partial exercise of any right hereunder preclude any other or further exercise thereof or the exercise of any other right. Each remedy herein provided is cumulative and is not exclusive of any other remedy provided herein or by law.

## ARTICLE IV.
## <u>SUBROGATION; PAYMENTS FROM CUSTOMER</u>

    SECTION 4.01    <u>Subrogation</u>.

If (i) Guarantor shall make payment to BENEFICIARY of all or any part of the Obligations and (ii) all the Obligations and all other amounts payable under this Guaranty shall be satisfied or paid in full, BENEFICIARY will, at Guarantor's request and expense, execute and deliver to Guarantor appropriate documents, without recourse and without representation or warranty, necessary to evidence the transfer by subrogation to Guarantor of an interest in the Obligations resulting from such payment by Guarantor. Guarantor will not exercise any rights that they may acquire by way of subrogation under this Guaranty, by any performance or payment made hereunder or otherwise, until all the Obligations and all other amounts payable under this Guaranty shall have been paid in full. If any amount shall be paid to Guarantor on account of such subrogation rights at any time prior to the payment in full of the Obligations and all other amounts payable under this Guaranty, such amount shall be held in trust for the benefit of BENEFICIARY and shall forthwith be paid to BENEFICIARY to be credited and applied upon the Obligations, whether matured or unmatured, in accordance with the terms of the Financing Documents or to be held by BENEFICIARY as collateral security for any Obligations thereafter existing.

    SECTION 4.02    <u>Payments from Customer</u>.

In the event that the Financing Documents prohibit Customer from making payments or distributions to Guarantor during such time as the Obligations are outstanding, then with regard to any such payments or distributions received by Guarantor from Customer, Guarantor shall hold such amounts in trust for BENEFICIARY and shall remit such amounts to BENEFICIARY for application to the Obligations.

**ARTICLE V.**
**PAYMENTS**

SECTION 5.01   Payments.

Guarantor hereby guarantees that, all payments hereunder shall be made in United States Dollars and shall be paid without regard to any setoff, counterclaim, withholding, deduction or defense that Guarantor may have or assert.

**ARTICLE VI.**
**GOVERNING LAW, JURISDICTION, JURY TRIAL WAIVER**

SECTION 6.01   Governing Law.

THIS GUARANTY AND THE RIGHTS AND OBLIGATIONS OF THE PARTIES HEREUNDER SHALL IN ALL RESPECTS BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH, THE INTERNAL LAWS OF THE STATE OF NEW YORK (WITHOUT REGARD TO THE CONFLICT OF LAWS PRINCIPLES OF SUCH STATE), INCLUDING ALL MATTERS OF CONSTRUCTION, VALIDITY AND PERFORMANCE.

SECTION 6.02   Consent to Jurisdiction.

GUARANTOR IRREVOCABLY SUBMITS TO THE EXCLUSIVE JURISDICTION OF THE STATE AND FEDERAL COURTS SITTING IN THE BOROUGH OF MANHATTAN IN NEW YORK COUNTY, NEW YORK TO HEAR AND DETERMINE ANY SUIT, ACTION OR PROCEEDING AND TO SETTLE ANY DISPUTES, INCLUDING TORT CLAIMS, WHICH MAY ARISE OUT OF OR IN CONNECTION HEREWITH (COLLECTIVELY, THE "**PROCEEDINGS**"), AND GUARANTOR FURTHER IRREVOCABLY WAIVES ANY RIGHT THEY MAY HAVE TO REMOVE ANY SUCH PROCEEDINGS FROM ANY SUCH COURT (EVEN IF REMOVAL IS SOUGHT TO ANOTHER OF THE ABOVE-NAMED COURTS).  GUARANTOR IRREVOCABLY WAIVES ANY OBJECTION THAT THEY MIGHT NOW OR HEREAFTER HAVE TO THE ABOVE-NAMED COURTS BEING NOMINATED AS THE EXCLUSIVE FORUM TO HEAR AND DETERMINE ANY SUCH PROCEEDINGS AND AGREES NOT TO CLAIM THAT IT IS NOT PERSONALLY SUBJECT TO THE JURISDICTION OF THE ABOVE-NAMED COURTS FOR ANY REASON WHATSOEVER, THAT THEY OR THEIR PROPERTY IS IMMUNE FROM LEGAL PROCESS FOR ANY REASON WHATSOEVER, THAT ANY SUCH COURT IS NOT A CONVENIENT OR APPROPRIATE FORUM IN EACH CASE WHETHER ON THE GROUNDS OF VENUE OR FORUM NON-CONVENIENS OR OTHERWISE.  GUARANTOR ACKNOWLEDGES THAT BRINGING ANY SUCH SUIT, ACTION OR PROCEEDING IN ANY COURT OTHER THAN THE COURTS SET FORTH ABOVE WILL CAUSE IRREPARABLE HARM TO BENEFICIARY THAT COULD NOT ADEQUATELY BE COMPENSATED BY MONETARY DAMAGES, AND, AS SUCH, GUARANTOR AGREES THAT, IN ADDITION TO ANY OF THE REMEDIES TO WHICH BENEFICIARY MAY BE ENTITLED AT LAW OR IN EQUITY, BENEFICIARY WILL BE ENTITLED TO AN INJUNCTION OR INJUNCTIONS (WITHOUT THE POSTING OF ANY BOND AND WITHOUT PROOF OF ACTUAL DAMAGES) TO ENJOIN THE PROSECUTION OF ANY SUCH PROCEEDINGS IN ANY OTHER COURT.  NOTHING IN THIS GUARANTY SHALL AFFECT ANY RIGHT THAT BENEFICIARY MAY OTHERWISE HAVE TO BRING ANY ACTION OR PROCEEDING RELATING TO GUARANTY AGAINST GUARANTOR OR GUARANTOR'S PROPERTIES IN THE COURTS OF ANY JURISDICTION.

SECTION 6.03   JURY TRIAL WAIVER.

GUARANTOR HEREBY IRREVOCABLY WAIVES, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, ANY RIGHT THEY MAY HAVE TO A TRIAL BY JURY IN ANY LEGAL PROCEEDING DIRECTLY OR INDIRECTLY ARISING OUT OF OR RELATING TO THIS GUARANTY OR THE FINANCING DOCUMENTS OR THE TRANSACTIONS CONTEMPLATED HEREBY OR THEREBY (WHETHER BASED ON CONTRACT, TORT OR ANY OTHER THEORY).  GUARANTOR CERTIFIES THAT NO REPRESENTATIVE, AGENT OR ATTORNEY OF ANY OTHER PERSON HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT SUCH OTHER PERSON WOULD NOT, IN THE EVENT OF LITIGATION, SEEK TO ENFORCE THE FOREGOING WAIVER.

## ARTICLE VII.
## AMENDMENTS

SECTION 7.01   Amendments, Etc.

No amendment or waiver of any provision of this Guaranty, and no consent to any departure by Guarantor therefrom, shall in any event be effective unless the same shall be in writing and signed by BENEFICIARY, and then such waiver or consent, shall be effective only in the specific instance and for the specific purpose for which given.

## ARTICLE VIII.
## NOTICES

SECTION 8.01   Addresses for Notices.

All notices required or permitted by the terms hereof shall be in writing.  Any written notice shall become effective when received.  Any written notice shall either be mailed, certified or registered mail, return receipt requested with proper first class postage prepaid, or sent by overnight delivery service or delivered by hand.  Any written notice to BENEFICIARY shall be directed to BENEFICIARY at 800 Connecticut Avenue, Norwalk, Connecticut 06854 or to such other address as it may designate by notice given to Guarantor.  Any written notice to Guarantor shall be directed to Guarantor at 97 Coastline Drive, Brampton, Ontario L6Y 0S4, or to such other address as they may designate by written notice given to BENEFICIARY.

## ARTICLE IX.
## MISCELLANEOUS

SECTION 9.01   Miscellaneous.

This Guaranty is a continuing guaranty and shall (i) remain in full force and effect until the payment or satisfaction in full of the Obligations and the payment of all other amounts payable under this Guaranty, (ii) be binding upon Guarantor, their successors and assigns, and (iii) inure to the benefit of, and be enforceable by, BENEFICIARY and its successors and assigns.  Without limiting the generality of the foregoing clause (iii), without notice to Guarantor or consent from Guarantor, BENEFICIARY may assign or otherwise transfer all or any portion of its rights and interests under this Guaranty and the Financing Documents in accordance therewith to any other person or entity, and such other person or entity shall thereupon become vested with all the benefits in respect thereof granted to BENEFICIARY herein or otherwise.  Guarantor agrees to pay all costs and expenses (including reasonable legal fees and expenses) incurred by or on behalf of BENEFICIARY in connection with the enforcement of Guarantor's obligations under this Guaranty.  To the fullest extent permitted by law, any provision of this Guaranty that is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective only to the extent of such prohibition or, unenforceability without invalidating the remaining provisions and without affecting the validity or enforceability of such provision in any other jurisdiction.  Without BENEFICIARY's prior written consent, Guarantor shall not delegate to any third party any or all of the Obligations or the performance of their agreements hereunder.  In the event that BENEFICIARY consents to a delegation of the Obligations or the performance of Guarantor's agreements hereunder, then unless agreed to the contrary by BENEFICIARY in writing, Guarantor shall remain primarily liable for the Obligations and the performance of their agreements.  To the extent financial reports are required to be provided under the Financing Documents, Guarantor shall deliver to BENEFICIARY the same financial reports for itself within the same timeframes set forth in the Financing Documents.

IN WITNESS WHEREOF, Guarantor has caused this Guaranty to be duly executed and delivered as of the date first above written.

GUARANTOR:

_____
Sulakhan Johal